# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| **SHULL PLUMBING, INC.,** | ) | Case No. 15-38005 |
| Debtor. | ) | Judge Jacqueline P. Cox |

## FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

This cause coming on the Motion of Shull Plumbing, Inc., ("the Debtor") for an Order Authorizing Use of Cash Collateral and Granting Adequate Protection (the "Motion") and the Court being fully advised in the premises;

IT IS HEREBY FOUND THAT:

A. Due notice of the Motion has been given to all parties entitled thereto;

B. This matter is a core proceeding pursuant to 28 U.S.C. 157(b)(2), and the Court has jurisdiction over the matters raised in the Motion under 28 U.S.C. 157 and 1334;

C. The relief requested in the Motion is in the best interests of Debtor, its estate, creditors, and other parties in interest;

D. Libertyville Bank & Trust Co. ("BANK") asserts secured claims against some or all of the Debtor's assets, including the Debtor's cash and accounts receivable;

E. Good and sufficient cause exists for the granting of the relief requested in the Motion as set forth herein.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  The Motion is granted on an interim basis as provided herein. Except as expressly set forth herein, the terms and conditions of this Order (the "Interim Cash Collateral Order") shall continue in full force and effect though and including February 29, 2016.

2.  To the extent that Libertyville Bank & Trust Co. has valid, perfected, and enforceable security interests, or other interests, in Debtor's cash and/or accounts receivable and other collateral may be reduced to cash (the "Cash Collateral"), the Debtor may use the Cash Collateral to pay those items delineated in the budget (the "Cash Collateral Budget") attached to this Order as Exhibit A, with a variance from actual-to-projected weekly disbursements not to exceed 10%, on a cumulative basis. The Debtor's permission to use the Cash Collateral as provided herein shall be for the period commencing on the date that this case commenced (the "Petition Date") through and including the period ending February 29, 2016.

3.  As adequate protection for any interests of Libertyville Bank & Trust Co. in the Cash Collateral, the BANK is granted replacement liens upon, and security interests in, Debtor's post-petition cash and accounts receivable in the same priority as the BANK's existing, pre-petition liens (to the extent valid), and in no event to exceed the type, kind, priority and amount, if any, of their security interests which existed on the date that the Debtor filed its petition to commenced this case.

4.  In the event actual weekly disbursements exceed the Cash Collateral Budget attached hereto, by more than 10% on a cumulative basis, Libertyville

Bank & Trust Co. may file a motion for relief from the Automatic Stay provided in Section 362 of the Bankruptcy Code; except that the BANK shall not be entitled to such a hearing on this basis if actual disbursements are greater than 10% above the Cash Collateral Budget on a cumulative basis (i) the Debtor provides written notice to the BANK prior to the making of any such disbursements, and (ii) either the BANK consents in writing, or the BANK does not object in writing to such disbursements within twenty-four (24) hours of receipt of such notice. Notice as described in the paragraph shall be made by email to counsel who have appeared in this case.

5. Except as set forth herein, the Debtor and the BANK reserve their respective rights with regard to the BANK's assertion of secured claims against the Debtor. Nothing in this Interim Cash Collateral Order shall be construed to impair the rights of the BANK to assert any claims (including claims to have liens against additional collateral) or the rights of the Debtor, any committee appointed in this case, or any other entity to contest the validity, priority, perfection or amount of the Secured Claims.

6. Within forty-eight (48) hours of entry of this Interim Cash Collateral Order, the Debtor shall serve a copy of it by regular mail on (i) the Office of the United States Trustee; (ii) counsel for Libertyville Bank & Trust Co. (iii) the creditors identified on Debtor's list of twenty (20) largest unsecured creditors; (iv) other known claimants having liens or security interests in property of Debtor or any committee appointed in this Case; (v) the Internal Revenue Service; and (vi)

the Illinois Department of Revenue. Such notice is deemed sufficient pursuant to the Bankruptcy Code, the Bankruptcy Rules and Local Rules.

7. A status hearing for the continued use of cash collateral will be held on February 24, 2016 at 10:00 a.m.

Date: January 27, 2016

ENTER:

*Jacqueline P. Cox*

__J. Cox__
United Stated Bankruptcy Judge

**FEBRUARY 2016 BUDGET**
Shull Plumbing Monthly Budget

| Expense | Amount |
|---|---|
| Rent | $ 4,000.00 |
| Volo Commerce - Association Fee | $ 245.50 |
| Chevy payment | $ 366.59 |
| Blue Cross/BS- Insurance | |
| Insurance-Workers comp,liability, etc | $ 2,523.24 |
| Bonds/Licenses | |
| Comcast phones & Internet | $ 200.00 |
| ComEd & NICOR | $ 400.00 |
| Tolls - I Pass | $ 10.00 |
| Office Supplies | $ 150.00 |
| Advanced Disposal - Garbage | $ 56.00 |
| Libertyville Bank | $ 1,259.26 |
| Community Answering (Answering Svc) | $ 60.00 |
| Sprint (cell phones) | $ 280.00 |
| Vehicle plates | |
| UPS & Postage | $ 50.00 |
| Townsquare - website | $ 129.00 |
| Auto Expenses- Repairs | $ 1,000.00 |
| Ace Hardware - Materials | $ 60.00 |
| UST fees | $ 650.00 |
| Bid Tool - Lead generator | |
| Subcontractors | |
| Equipment rental | |
| Material Purchases-Vendors | $ 5,210.41 |
| Payroll | $ 22,000.00 |
| Payroll Taxes | $ 2,000.00 |
| Union Contributions | $ 10,000.00 |
| TOTAL | $ 50,650.00 |

| INCOME | AMOUNT |
|---|---|
| Service | $ 23,650.00 |
| Contract Work | $ 27,000.00 |
| TOTAL | $ 50,650.00 |